# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 16, 2020

| | |
|---|---|
| * * * * * * * * * * * * * | |
| DAVID FENSTER,           * | UNPUBLISHED |
|                          * | |
| Petitioner,              * | No. 16-965V |
|                          * | Special Master Gowen |
| v.                       * | |
|                          * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH      * | |
| AND HUMAN SERVICES,      * | |
|                          * | |
| Respondent.              * | |
| * * * * * * * * * * * * * | |

Carol L. Gallagher, Somers Point, NJ, for Petitioner.
Lynn C. Schlie, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 17, 2019, David Fenster ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 85). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and awards a total of **$97,635.87**.

I.   **Procedural History**

On August 9, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner received an influenza ("flu") vaccination and a Pneumovax vaccine on August 19, 2015. Stipulation filed October 15, 2019 (ECF No. 78) ("Stipulation") at ¶ 2. Petitioner alleged that as a result of that flu vaccination, he suffered from Guillain-Barré syndrome ("GBS")

---

[1] I intend to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

with residual effects lasting for more than six months. Id. at ¶ 4. On October 15, 2019, the parties filed a stipulation, which I adopted as my Decision awarding compensation on the same day. ECF No. 79.

On December 17, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Ms. Carol Gallagher, in the total amount of $97,947.36, representing $77,049.80 in attorneys' fees and $20,497.56 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants he has personally incurred costs of $2,400.00 in pursuit of his claim. *Id.* Respondent reacted to the fees motion on December 19, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 86). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.  **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Carol Gallagher: $350.00 per hour for work performed in 2015 and 2016, $363.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2018 and 2019. These rates are consistent with what Ms. Gallagher has previously been awarded for her Vaccine Program work, and I find them to be reasonable for the work performed in the instant case. *See De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338, 345 (Fed. Cl. 2018).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be largely reasonable. The only reduction the undersigned finds necessary is for time spent performing paralegal tasks, specifically drafting correspondence to medical providers for records and responding to inquiries from those providers. This issue is not new to Ms. Gallagher's billing records. *See Rocha v. Sec'y of Health & Human Servs.*, No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); *Cetlin-Salter v. Sec'y of Health & Human Servs.*, No. 16-792V, 2019 WL 4880164, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019); *De Souza*, 141 Fed. Cl. 338. I also note an excessive amount of time was billed for review of certain CFECF

notifications, such as minute entries and informal communications. Based on the hours billed for these tasks, the undersigned finds that a three percent overall reduction to the award of attorney's fees is appropriate to offset the requested amount with what a reasonable amount would be had Ms. Gallagher billed these tasks at a reasonable paralegal rate. This results in a reduction of $2,311.49. Petitioner is therefore awarded final attorneys' fees of $74,738.31.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $20,497.56. This amount is comprised of acquiring medical records, transcripts, and work performed by Petitioner's expert, Dr. Lawrence Steinman. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, Petitioner is awarded the full amount of attorneys' costs sought.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that he has personally incurred costs of $2,400.00 related to his claim, comprised of the Court's filing fee and a retainer paid to Dr. Steinman. Petitioner has provided adequate documentation of these costs and they are reasonable in my experience. Petitioner shall therefore be fully reimbursed.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $77,049.80 |
|---|---|
| (Reduction of Fees) | - ($2,311.49) |
| **Total Attorneys' Fees Awarded** | **$74,738.31** |
| | |
| Attorneys' Costs Requested | $20,497.56 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$20,497.56** |
| | |
| **Total Attorneys' Fees and Costs** | **$95,235.87** |
| | |
| **Petitioner's Costs** | **$2,400.00** |
| | |
| **Total Amount Awarded** | **$97,635.87** |

**Accordingly, I award the following:**

3

1) **a lump sum in the amount of $95,235.87, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Carol Gallagher[3]; and**

2) **a lump sum in the amount of $2,400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).